IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JUAN BRADLEY, | ) | 8:10CV412 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| WAYNE CHANDLER, DR. | ) | |
| KAMAAL, and WARREN K. | ) | |
| URBOM, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on its own motion. On October 28, 2010, the court required Plaintiff to show cause why he is entitled to proceed in forma pauperis ("IFP") pursuant to the provisions of 28 U.S.C. §1915(g) ("§ 1915(g)"). (Filing No. 6.) Plaintiff filed a Response to the court's Memorandum and Order. (Filing No. 7.) The court has carefully reviewed Plaintiff's Response and finds that this matter should be dismissed.

## I.  BACKGROUND

On October 22, 2010, while incarcerated, Plaintiff filed a Complaint (filing no. 1) and a Motion for Leave to Proceed IFP (filing no. 2). The court thereafter ordered Plaintiff to either show cause why he is entitled to proceed IFP or pay the full $350 filing fee, or his case would be dismissed. (Filing No. 6.) The court's previous Memorandum and Order was based on the court's finding that Plaintiff brought the following four cases while incarcerated, all of which were dismissed as frivolous:

- *Bradley v. Urbom,* No.8:92CV54 (D. Neb.), dismissed as frivolous on March 10, 1992.

- *Bradley v. The Senate*, No. 8:92CV96 (D. Neb.), dismissed as frivolous on May 7, 1992.

- *Bradley v. U.S. District Court*, No. 8:92CV127 (D. Neb.), dismissed as frivolous on March 13, 1992.

- *Bradley v. Urbom*, No. 8:92CV188 (D. Neb.), dismissed as frivolous on April 13, 1992.

On November 1, 2010, Plaintiff filed a Response to the court's Memorandum and Order in which he generally objected to the October 28, 2010, Memorandum and Order and repeated the allegations of his Complaint. (Filing No. 7.)

## II. ANALYSIS

A prisoner may not bring a civil action or proceed IFP if the prisoner has, on three or more occasions, while incarcerated, brought an action or appeal in federal court that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. § 1915(g). An exception is made for prisoners who are under imminent danger of serious physical injury. *Id*.

In its previous Memorandum and Order, the court ordered Plaintiff to show cause why his case should not be dismissed pursuant to § 1915(g). (Filing No. 6.) The court listed four cases brought by Plaintiff that were dismissed as frivolous. (*Id.* at CM/ECF p. 1.) For Plaintiff to proceed IFP, he needed to show the court that any or all of the four dismissed cases do not meet the criteria set forth in § 1915(g) or, alternatively, that he faces imminent danger of serious physical injury.

In his Response, Plaintiff did not deny that, while incarcerated, he filed four frivolous cases. He also did not allege that he faces any danger of physical injury.

Instead, Plaintiff sets forth nonsensical statements regarding his belief that the undersigned judge is "racist" and "a murderer" and, along with other federal judges and "Ronald Reagan," can see into Plaintiff's "brain neurology." (Filing No. 7.) In short, Plaintiff has not shown that he faces any imminent danger of physical injury. In light of this, Plaintiff is not entitled to proceed IFP, nor has he paid the full $350 filing fee. For these reasons, this matter must be dismissed.

IT IS THEREFORE ORDERED that:

1. This matter is dismissed without prejudice. All pending motions are denied as moot.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 22nd day of November, 2010.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.